Helen V. Card
vs.
Providence Public Market Co.
No. 92388.

October 19, 1934.

POULIOT, J. This cause is before the Court on plaintiff's motion for a new trial after a jury returned a verdict for the defendant.

The evidence is to the effect that the plaintiff, on December 10th, 1932, was injured by a fall caused by slipping on a banana peel in one of the aisles of defendant's Weybosset Street store.

The issue is whether or not the defendant had notice of the peel being on the floor. Constructive notice is not involved, the plaintiff contending the defendant had actual notice.

The plaintiff produced two witnesses, one Eva Rose and a Mr. Leonard, who testified that they were standing where they had a clear view of the aisle in which the accident occurred; that they saw the banana peel in the aisle; that a clerk, who later waited on customers at the fruit counter and who was identified as a light-haired young man, came along, looked down at the peel and kicked it nearer the center of the aisle, nearer the fruit counter; that this was 20 to 25 minutes prior to the time Mrs. Card slipped on it. It further was claimed by the plaintiff that the clerk who assisted her after the accident picked up the peel, threw it down and kicked it under the counter.

The defendant claims it had no such notice of the existence of the peel; it produced the clerks from the fruit counter and all the light-haired clerks who, it said, were in its employ on December 10, 1932; every one of them denied seeing the peel or kicking it away. There was also evidence produced by the defendant that the counter was built right down to the floor and that it was impossible to kick anything under it.

The Court has given this case considerable thought and attention, in view of the unusual angle that it presented by the claim of actual notice. We have here a question of fact: Did or did not the defendant have notice through the conduct of the employees?

The plaintiff's case must stand or fall on the testimony of Miss Rose and Mr. Leonard as opposed to the evidence given by the defendant's clerks.

Unfortunately for the plaintiff, the testimony of her two key witnesses was weakened by the way in which they gave it. The jury might well have determined that Miss Rose's tim-

ing of events was a bit too precise for a witness who had no interest in the outcome of this suit in recalling what happened two years after their occurrence. They could question, to a certain extent, the value of the evidence submitted by Mr. Leonard, who remained talking to Miss Rose about three-quarters of an hour knowing she wanted to get a job from him and knowing from previous contact with her that he wasn't going to give her one.

It is a case that may be decided either way. Neither side to the controversy has the preponderance of the evidence. You can believe either side and be right.

As the Court understands its duty, it is not to substitute its decision for that of the jury, no matter where its sympathy may lie, in a controversy of fact where neither party to it produces evidence which outweighs in value that of the other party.

The Court therefore finds that the plaintiff, not having proved her claim by a fair preponderance of the evidence, is not entitled to a new trial.

Plaintiff's motion for a new trial denied.

For plaintiff: H. M. Devlin, George Hurley, Moriarty, Connly.

For defendant: Sherwood & Clifford.

